HENRY B. HARRIS,

          **Petitioner,**

v.                                      **Civil Action No. 5:07cv62**
                                        **(Judge Stamp)**

THOMAS MCBRIDE, Warden,

          **Respondent.**

## ROSEBORO NOTICE

On July 26, 2007, the respondent filed a Motion to Dismiss Petition for Failure to Exhaust State Remedies. Because the petitioner is proceeding *pro se*, the Court has a mandatory duty to advise him of his right to file responsive material, and to alert him to the fact that the failure to so respond may result in the entry of an order of dismissal against him. Davis v. Zahradrich, 600 F.2d 458, 460 (4th Cir. 1979); Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975).

In ruling on a motion to dismiss, the Court must accept as true all well-pleaded material factual allegations. Advanced Health-Care Services, Inc. v. Radford Community Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Furthermore, dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear, as a matter of law, that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S.41, 45-46 (1957).

Accordingly, the petitioner has **thirty (30) days** from the date of this Order to file any opposition he may have to the respondent's motion. Petitioner is reminded of his obligation to serve

the respondent with any response he files.

IT IS SO ORDERED.

The Clerk is directed to mail a copy of this Order to the *pro se* petitioner.

DATED: July 27, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE