# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**HENRY B. HARRIS,**

    **Petitioner,**

v.                                    **Civil Action No. 5:07cv62**
                                      **(Judge Stamp)**

**THOMAS MCBRIDE, Warden,**

    **Respondent.**

## OPINION/REPORT AND RECOMMENDATION

This case was initiated on May 17, 2007, by the filing of a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. In the petition, the *pro se* petitioner challenges the lack of appellate review he has allegedly received with respect to a conviction and sentence imposed in the Circuit Court of Hancock County, West Virginia. Presently before the Court is the respondent's motion to dismiss the petition for the failure to exhaust state remedies. On July 27, 2007, notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to the petitioner advising him of his right to file a response to the respondent's motion to dismiss. The petitioner filed two replies on August 13, 2007. Accordingly, this case is before the undersigned for a report and recommendation pursuant to Standing Order No. 2 and LR PL P § 83.13, et seq.

### I. Factual and Procedural Background

**A. Petitioner's Conviction and Sentence**

According to the parties, the petitioner was indicted by a Grand Jury sitting in the Circuit Court of Hancock County of six counts of first degree sexual assault and one count of crimes against nature. The case proceeded to jury trial where the petitioner was found guilty of two counts of first

degree sexual assault on December 6, 2002. On January 14, 2003, the petitioner was sentenced to 10-20 years on each count, to run consecutively, for an aggregate term of 20-40 years.

**B. Petitioner's Direct Appeal**

On January 17, 2003, the petitioner filed a notice of intent to appeal. See Petition at Ex. A (Petitioner's Circuit Court docket sheet) On February 4, 2003, petitioner's trial counsel, Patricia Kurelac, was permitted to withdraw as privately retained counsel, and was then appointed to represent the petition for purposes of appeal. Id. On March 6, 2003, the petitioner filed a request for transcripts. Id.

On April 2, 2003, Ms. Kurelac was permitted to withdraw as appellate counsel and Joseph J. Moses was appointed in her place. Id. On May 12, 2003, the petitioner was resentenced and given four additional months to file his appeal. Id. Appellate transcripts were requested on July 31, 2003. Id. On September 2, 2003, the trial court extended the petitioner's time to appeal. Id. Petitioners' appeal was then due on or before November 12, 2003. Id.

On November 12, 2003, the petitioner was once again resentenced and therefore received an additional four months to file his appeal. Id. On February 24, 2004, the petitioner was again granted additional time to file his appeal. Id. Petitioners' appeal was then due May 12, 2004. Id. On April 12, 2004, Mr. Moses was permitted to withdraw as appellate counsel and Gerald Jacovetty was appointed in his place. Id. The Circuit Court docket makes no further mention of the petitioner's appeal. Id. However, the Circuit Court docket shows that Mr. Jacovetty was paid counsel fees and expenses on October 7, 2005. Id.

Despite the appointment of three different attorneys, the petitioner asserts that an appeal was never filed on his behalf and that the time for filing an appeal has now run.

2

**C.    Petitioner's State Habeas Petition**

On February 14, 2005, the petitioner filed a *pro se* petition for writ of habeas corpus with the Circuit Court of Hancock County. In the petition, the petitioner made the following requests for relief:

(1) he was denied effective assistance of counsel on appeal because after being duly appointed to prepare his appeal, counsel let the time for appeal expire without making or filing any appeal; and

(2) the petitioner's right to make and prepare a full habeas corpus petition after regaining his right to appeal his conviction should be preserved.

At the time this case was filed, and at the time of the response and replies, the petitioner's state habeas petition was still pending in the circuit court.

**D.    Petitioner's Writ of Prohibition and Petition for Writ of Habeas Corpus**

On February 1, 2007, the petitioner filed a Writ of Prohibition and Petition for Writ of Habeas Corpus with the West Virginia Supreme Court of Appeals ("WVSCA"). See dckt. 15 at Ex. 4. In the petition, the petitioner sought removal of his state habeas petition in the Circuit Court of Hancock County to the WVSCA due to the Circuit Court's failure to timely honor the petitioner's right to present his petition. Id. In support of his request, the petitioner asserted that his state habeas petition had been pending in the circuit court for more than two years without resolution. Id. Therefore, the petitioner argued that a writ of prohibition should issue, removing jurisdiction of his state habeas petition to the WVSCA, so that court could rule on the merits of the petitioner's state habeas claims. Id. The WVSCA refused the petitioner's writ of prohibition without written opinion on March 15, 2007. Id.

### E. Petitioner's Federal Habeas Petition

On August 1, 2006, the petitioner filed the instant federal habeas petition. In the petition, the petitioner asserts that the State of West Virginia has denied him his constitutional right to appeal his conviction and sentence, in violation of the due process and equal protection clauses of the United States Constitution. In support of his claim, the petitioner asserts that appellate counsel failed to file an appeal on his behalf and that he has tried every reasonable way to have his appellate rights restored. As relief, the petitioner seeks his release from incarceration.

### F. The Respondent's Motion to Dismiss

In the motion to dismiss, the respondent asserts that the petition should be dismissed for the failure to exhaust. Alternatively, the respondent asserts that the petitioner fails to state a claim for which relief can be granted in this Court. Thus, the respondent seeks dismissal of the instant case for the failure to exhaust available state court remedies, or as a matter of law for the failure to state a claim.

### G. The Petitioner's Replies

The petitioner has filed two replies to the respondent's motion to dismiss. In his first reply, the petitioner argues that the State has failed to make a substantive answer as required and ordered by the Court. Therefore, the petitioner asserts that it is impossible for him to make a reasonable reply to the State's answer because it does not address the issues raised in the petition. The petitioner also objects to the respondent's failure to provide all the transcripts from the underlying criminal action. Finally, the petitioner asserts that the State's reliance on his ability to file his own direct appeal is misplaced. The petitioner argues that he neither has the ability nor means to do so, nor should he as counsel was appointed to file an appeal on his behalf.

In his second reply, the petitioner asserts that his claims arise under the Fifth and Fourteenth Amendments to the United States Constitution, and not State law. Therefore, the federal court is required to review the petitioner's federal constitutional claims. The petitioner also asserts that the State court's inordinate delay in processing his state habeas petition precludes the state from relying on the exhaustion defense in federal habeas proceedings. Alternatively, the petitioner asserts that the filing of his Petition for Writ of Prohibition to the WVSCA achieves any exhaustion requirement necessary for federal review as the WVSCA was given the opportunity to rule upon the issues presented in the instant case. Moreover, the petitioner asserts that his claim, at least in part, is one of ineffective assistance of counsel, which is clearly a federal constitutional issue. Therefore, the petitioner asserts that the State's extraordinary dereliction of its duties require that the federal habeas court deny the respondent's motion to dismiss and allow this case to proceed to adjudication.

## II. Analysis

A petition for a writ of habeas corpus is not a substitute for pursuing state judicial remedies. See 28 U.S.C. §2254(b). Therefore, a petition for writ of habeas corpus should not be entertained unless the petitioner has first exhausted his state remedies. Baldwin v. Reese, 541 U.S. 27, 29 (2004); Castille v. Peoples, 489 U.S. 346, 349, *reh'g denied*, 490 U.S. 1076 (1989). Concerns of comity dictate that the State must first be afforded a full and fair opportunity to pass upon and correct the alleged violation of its prisoners' federal rights. See Duncan v. Henry, 513 U.S. 364, 365 (1995); see also Footman v. Singletary, 978 F.2d 1207, 1210-11 (11th Cir. 1992) (comity requires that the State be given the first opportunity to address and resolve the merits of an inmate's claims). To exhaust state remedies, a habeas petitioner must fairly present the substance of his claim to the state's highest court. Matthews v. Evatt, 105 F.3d 907 (4th Cir.), cert. denied, 522 U.S. 833 (1997).

"A claim is fairly presented when the petitioner presented to the state courts the substance of his federal habeas corpus claim. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined." Id. at 911. "A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief . . . by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" Baldwin v. Reese, 541 U.S. at 32; see also Howell v. Mississippi, 543 U.S. 440, 444, 125 S.Ct. 856, 859 (2005).

In West Virginia, the exhaustion of state remedies is accomplished by a petitioner raising the federal issue on direct appeal from his conviction or in a post-conviction state habeas corpus proceeding followed by an appeal to the West Virginia Supreme Court of Appeals. See Moore v. Kirby, 879 F. Supp. 592, 593 (S.D. W.Va. 1995); see also Bayerle v. Godwin, 825 F. Supp. 113, 114 (N.D.W.Va. 1993). A federal court may only consider those issues the petitioner presented to the state court,[1] and "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

In addition, it is the petitioner's burden to demonstrate that he has exhausted his state judicial remedies. Breard v. Pruett, 134 F.3d 615, 619 (4th Cir.), cert. denied, 523 U.S. 371 (1998). "The exhaustion requirement is not satisfied if the petitioner presents new legal theories or factual claims for the first time in his federal habeas petition." Id. "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution

---

[1] Picard v. Connor, 404 U.S. 270 (1971).

Here, the petitioner apparently attempted to file a direct appeal of his state court conviction and sentence, but was not able to do so for whatever reason. It is this issue to which the petitioner challenges in the instant petition. However, the petitioner has filed a state petition for writ of habeas corpus raising this same issue. Based upon the record currently before the Court, it appears as if that petition is still pending before the Circuit Court of Hancock County. Because the state court has not yet issued a decision on the merits of the petitioner's claims, the State has not been afforded a full and fair opportunity to pass upon and correct the alleged violation of its prisoner's federal rights. Therefore, the undersigned finds that the petitioner's claims are not exhausted as he still has remedy available in State court. Thus, it is inappropriate for this Court to entertain the petitioner's federal habeas petition at this time and the petition should be dismissed.[2] See Younger v. Harris, 401 U.S. 37, 43-44 (1971); Butler v. Alabama Judicial Inquiry Comm'n, 245 F.3d 1257, 1261 (11th Cir. 2001) ("Younger and its progeny reflect the longstanding national public policy, based on principles of comity and federalism, of allowing state courts to try cases--already pending in state court--free from federal court interference.") (citation omitted).

### III. Recommendation

For the reasons set forth in this opinion, it is recommended that the respondent's Motion to Dismiss (dckt. 15) be **GRANTED** and the petitioner's § 2254 petition be **DISMISSED without prejudice** to the petitioner's right to renew the same following the proper exhaustion of state remedies.

---

[2] Because the issues raised in the petition are currently before the Circuit Court, the undersigned will not address the respondent's additional argument that he is entitled to judgment as a matter of law because the petitioner has failed to state a claim for which relief can be granted. The merits of the petitioner's underlying claims is an issue for the state court to determine first. Moreover, a dismissal without prejudice for the failure to exhaust preserves the petitioner's ability to federally challenge the decision of the state court once it has been made.

Within ten (10) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Frederick P. Stamp, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. The Clerk is further directed to provide copies of this Opinion/Report and Recommendation to counsel of record via electronic means.

DATED: January 2, 2008.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE