IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

HENRY B. HARRIS,

              Petitioner,

v.                                      Civil Action No. 5:07CV62
                                                       (STAMP)
THOMAS MCBRIDE, Warden,

              Respondent.


**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Procedural History

The pro se petitioner, Henry B. Harris, an inmate at Mount
Olive Correctional Complex in Mount Olive, West Virginia, was
convicted in the Circuit Court of Hancock County, West Virginia  on
December 6, 2002 of two counts of first degree sexual assault.  The
petitioner was sentenced to 10-20 years imprisonment on each count,
to run consecutively for an aggregate term of 20-40 years.

On February 14, 2005, the petitioner filed a petition in the
Circuit Court of Hancock County for post-conviction habeas corpus
relief.  To date, the petitioner's state petition for a writ of
habeas corpus is still pending in the Circuit Court.  On February
1, 2007, the petitioner filed a petition for writ of prohibition
and petition for writ of habeas corpus with the West Virginia
Supreme Court of Appeals ("WVSCA") seeking removal of his state
habeas petition to the WVSCA due to the Circuit Court's failure to

timely rule on his petition.  On March 15, 2007, the WVSCA refused the petitioner's petition without a written opinion.

On August 1, 2006, the petitioner filed the instant petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  The petitioner asserts that the State of West Virginia has denied him the right to appeal his conviction and sentence in violation of the due process and equal protection clauses of the United States Constitution.  The matter was referred to United States Magistrate Judge John S. Kaull for an initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.13.  The magistrate judge entered an order directing the respondent to show cause why the petition should not be granted.  The respondent filed an answer to the petition and a motion to dismiss for failure to exhaust state remedies.  The petitioner filed responses to each.  Thereafter, Magistrate Judge Kaull issued a report and recommendation recommending that the petitioner's § 2254 application be denied for failure to exhaust state court remedies.  The petitioner filed objections.

## II.  Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made.  As to those portions of a recommendation to which no objection is made, a

magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because objections have been filed in this case, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

## III.  Discussion

Title 28, United States Code, Section 2254(b) provides that absent a valid excuse, a state prisoner must exhaust his remedies in state court before pursuing federal habeas relief. To exhaust state remedies, a habeas petitioner must fairly present the substance of his claim to the state's highest court. Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997). Until the state has been given the opportunity to consider the issue and afford a remedy if relief is warranted, "federal courts in habeas proceedings by state prisoners should stay their hand." Durkin v. Davis, 538 F.2d 1037, 1041 (4th Cir. 1976) (quoting Gilstrap v. Godwin, 517 F.2d 52, 53 (4th Cir. 1975)). The petitioner bears the burden of proving exhaustion. Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998).

In this case, the magistrate judge found that the petitioner's claims are not fully exhausted because his state petition for habeas corpus raises the same claims and that petition is still pending before the Circuit Court of Hancock County. This Court agrees. Based on the record before this Court, it appears that the

petitioner's state petition for writ of habeas corpus is still
pending before the Circuit Court of Hancock County. Accordingly,
the claims that the petitioner raises in the instant petition are
not exhausted because he still has a remedy as to those claims in
state court. The petitioner objects that this Court should
consider the merits of his claims because the state court has
failed to adjudicate his claims and protect his constitutional
rights. This objection is unavailing because no right to federal
habeas review exists without exhaustion. Thus, because the
petitioner has failed to exhaust his state remedies, his claims
cannot be raised here on federal habeas review.

## IV. Conclusion

Because, after a de novo review, this Court concludes that the
magistrate judge's recommendation is proper and the petitioner's
objections to the report and recommendation lack merit, this Court
hereby AFFIRMS and ADOPTS the magistrate judge's report and
recommendation. The respondent's motion to dismiss the petition
for failure to exhaust state remedies is GRANTED. It is ORDERED
that the petitioner's § 2254 petition be DISMISSED WITHOUT
PREJUDICE to the petitioner's right to renew the same following
proper exhaustion of state court remedies. It is further ORDERED
that this case be DISMISSED and STRICKEN from the active docket of
this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of the judgment order. Upon reviewing the notice of appeal, this Court will either issue a certificate of appealability or state why a certificate should not issue in accordance with Federal Rule of Appellate Procedure 22(b)(1). If this Court should deny a certification, the petitioner may request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    February 22, 2008


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE